WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin Bagent,<br><br>               Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>               Defendant. | No. CV-13-01521-PHX-GMS<br><br>**ORDER** |

Pending before this Court is the appeal of Plaintiff Robin Bagent, which challenges the Social Security Administration's decision to deny benefits. (Doc. 11.) For the reasons set forth below, the Court affirms that decision.

**BACKGROUND**

Bagent applied for disability insurance benefits in February 2009, alleging a disability onset of August 2008 due to several conditions including anxiety, depression, hepatitis C, and arthritis. (R. at 257–59, 290.)

An Administrative Law Judge ("ALJ") held a hearing on the matter in July 2011 and denied Bagent's claim in August 2011. (*Id.* at 52–96, 27–34.) In evaluating whether Bagent was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[1] (*Id.* at 27–34.) At step one, the ALJ determined that Bagent had

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income). Under the test:

    A claimant must be found disabled if she proves: (1) that she

not engaged in substantial gainful activity since the alleged onset date. (*Id.* at 29.) At step two, the ALJ determined that although Bagent suffered from several medically determinable impairments, she did not have a severe impairment or combination of impairments because her impairments did not significantly limit her ability to perform basic work-related activities for twelve consecutives months. (*Id.* at 29–34.)

The Appeals Council declined to review the decision. (*Id.* at 1–6.) Plaintiff filed the complaint underlying this action on July 26, 2013, seeking a review of benefits.[2] (Doc. 1.) The matter is now fully briefed before this Court. (Docs. 11–13.)

## DISCUSSION

### I.   STANDARD OF REVIEW

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is

---

> is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal citations and quotations omitted).

[2] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

However, the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted). The Court "may not reweigh the evidence, substitute our own judgment for the Secretary's, or give vent to feelings of compassion." *Winans v. Bowen*, 853 F.2d 643, 644–45 (9th Cir. 1987) (internal citation omitted).

## II. ANALYSIS

Bagent's claim was denied at the second step and the sole issue on appeal is whether the ALJ committed reversible error in determining that Bagent did not have a severe impairment. "[A]t the second step of [the] sequential evaluation it must be determined whether medical evidence establishes an impairment or combination of impairments 'of such severity' as to be the basis of a finding of inability to engage in any [substantial gainful employment]." S.S.R. 85–28 (1985). A "severe" impairment is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). The "ability to do basic work activities," in turn, is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b); 20 C.F.R. § 416.921(b). "An impairment is not severe if it is merely 'a slight abnormality (or

1    combination of slight abnormalities) that has no more than a minimal effect on the ability
2    to do basic work activities." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)
3    (quoting S.S.R. 96–3p (July 2, 1996)).

4    "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987)), and "is to do no more than allow the [Social Security Administration] to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working," S.S.R. 85–28 (1985) (internal quotation omitted). Therefore, "an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb*, 433 F.3d at 687 (quoting S.S.R. 85–28). "'[I]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step.'" *Id.* (quoting S.S.R. 85–28). Thus, the Court's task in reviewing a denial of benefits at step two is to "determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." *Id.*

In this case, the ALJ determined that Bagent had several medically diagnosed conditions but determined that alone or in combination they did not result in a severe disability. Bagent disagrees. She first argues that the ALJ should have afforded more weight to her own testimony. Second she argues that the ALJ should have afforded more weight to the medical opinion testimony of Dr. Sayegh, and the other opinion testimony of Ms. Serrato and the vocational expert. Bagent's third argument is that the ALJ should have addressed the other opinion evidence from Bagent's family and friends.

### A.    Bagent's Own Testimony

The first argument is rejected because the ALJ provided clear and convincing reasons for discounting Bagent's testimony. An ALJ must engage in a two-step analysis

1 in determining whether a claimant's testimony is credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036. If the claimant has, and the ALJ has found no evidence of malingering, then the ALJ may reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. *See Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain. *Bunnell*, 947 F.2d at 345–46 (internal quotation marks and citation omitted).

Here, although the ALJ began the with a boilerplate introductory paragraph, the ALJ went on to provide three pages of justifications that showed the ALJ had considered the record in reaching the decision. (R. 31–34.) The ALJ did not find that Bagent was malingering but did provide clear and convincing reasons for discounting her testimony. The ALJ contradicted Bagent's testimony as to the severity of her limitations by pointing to Bagent's own claims in her application, and to medical records indicating a manageable level of pain and other symptoms. (*Id.*) That discussion was specific enough to show that the ALJ did not act arbitrarily and it allowed this Court to review the conclusion. This was not, as Bagent alleges in her briefing, a decision based solely on the credibility of Bagent's testimony about her symptom severity, but was a determination based on accepting the other records which directly contradicted her testimony.

### B. Medical and Vocational Opinion Evidence

The second argument, about to which testimony the ALJ should have given the most credence, is rejected because the ALJ weighed and resolved the conflicting testimony and other evidence and came to a conclusion that was supported by substantial evidence.

"The medical opinion of a claimant's treating physician is entitled to special weight." *Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989) (internal quotation marks and citation omitted). If another doctor counters the treating physician's opinion, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (internal quotation marks and citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

Although Dr. Sayegh's opinion should be given weight as a treating physician, there was another treating doctor's opinion that was in conflict. The ALJ reviewed Dr. Boles's notes and other medical records that contradicted Dr. Sayegh's restrictive opinion. (R. 32.) These provided specific and legitimate reasons for discounting Dr. Sayegh's opinion that were supported by substantial evidence.

The other opinion testimony by Ms. Serrato and the vocational expert was not medical opinion testimony and was not entitled to any special weight. The decision demonstrates that the ALJ properly considered their opinions. Ms. Serrato was a physician' assistant who helped to manage Bagent's medication, and the ALJ appropriately considered Ms. Serrato's opinions in context with the medical records as a whole. Finally, the vocational expert gave opinions in response to various hypothetical limitations including ones based on Bagent's claimed limitations, but that was not testimony which established that Bagent in fact had any limitations.

Bagent's general argument is that there are other medical records and opinions that

the ALJ could have discussed or given greater weight. But there is no requirement that the ALJ must discuss every page of a claimant's medical history. The ALJ's decision must be supported by substantial evidence which it is here. This Court cannot reweigh the conflicting medical opinions and records that the ALJ already considered.

### C.   Third-Party Opinions of Family and Friends

Bagent's argument about the opinion testimony of family and friends has merit, but is ultimately unavailing here. The Ninth Circuit has repeatedly affirmed that lay opinion, such that from family and friends, "is competent evidence that the ALJ must take into account." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). In fact, such opinions "cannot be disregarded without comment," *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996), and if the ALJ does discount them, then the ALJ "must give reasons that are germane to each witness," *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Here, as in *Molina*, the ALJ erred because it did not give reasons germane to each witness as to why their testimony was disregarded or discounted. *Molina*, 674 F.3d at 1115. In fact, the ALJ here did not mention Bagent's aunt or friends at all.

However, there is no "per se rule of prejudice when the ALJ fails to discuss lay witness testimony that is material if considered by itself." *Id.* at 1121. Instead, courts should apply "the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at 1115 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1169 (9th Cir. 2008)). In *Molina* the ALJ did give specific reasons for rejecting the claimant's testimony, and those reasons "were equally relevant to the similar testimony of the lay witnesses." *Id.* While rejecting per se rules or presumptions, the court held in that instance that "if an ALJ has provided well-supported grounds for rejecting testimony regarding specified limitations, we cannot ignore the ALJ's reasoning and reverse the agency merely because the ALJ did not expressly discredit each witness who described the same limitations." *Id.* at 1121. In *Molina*, the Ninth Circuit joined the Eighth Circuit's determination that such an error is harmless. *Id.* at 1121–22.

Here, the ALJ's failure to address the family and friend witnesses is a harmless error because it is inconsequential to the ultimate nondisability determination. Their testimony mentions similar mental and emotional limitations as those described in Bagent's own testimony. (R. 320–27, 331.) The reasons cited by the ALJ for discounting the severity of Bagent's limitations with regard to her own testimony apply equally to the testimony of her family and friends. The ALJ's failure to repeat that justification for each third-party witness was technically error but was not prejudicial to the outcome here.

### D. Discretionary Remand

Bagent's request for remand is predicated on this Court finding reversible error. None has been found, and the request for remand is therefore moot.

### CONCLUSION

The ALJ made an error of law in not specifically mentioning its reasons for discounting the family and friends statements. However, this legal error was harmless and there is substantial evidence to support the ALJ's denial of benefits. Therefore,

**IT IS HEREBY ORDERED** that the ALJ's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **TERMINATE** this action.

Dated this 3rd day of January, 2014.

_A. Murray Snow_
G. Murray Snow
United States District Judge